**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

OCT 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KOUROSH KENNETH HAMIDI; et al.,

　　　　　　Plaintiffs-Appellants,

 and

CECILIA STANFIELD; MOZELLE
YARBROUGH,

　　　　　　Plaintiffs,

 v.

SERVICE EMPLOYEES
INTERNATIONAL UNION, LOCAL 1000;
BETTY T. YEE, Controller, State of
California,

　　　　　　Defendants-Appellees.

No.　19-17442

D.C. No.
2:14-cv-00319-WBS-KJN

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted October 22, 2021[**]
San Francisco, California

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

Before: BADE and BUMATAY, Circuit Judges, and SESSIONS,[***] District Judge.

Kourosh Hamidi and over a dozen other public sector employees ("Employees") appeal from the district court's dismissal of their class action lawsuit against the Service Employees International Union, Local 1000 ("Union") and California State Controller. The Employees seek declaratory and monetary relief under 42 U.S.C. § 1983 for agency fees collected from their paychecks in violation of the First Amendment.

We review both the dismissal of a complaint for failure to state a claim and the grant of summary judgment de novo. *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010); *United States v. Phattey*, 943 F.3d 1277, 1280 (9th Cir. 2019).

1. The Employees' claim for prospective declaratory relief is moot.[1] "It is an inexorable command of the United States Constitution that the federal courts confine themselves to deciding actual cases and controversies." *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128 (9th Cir. 2005) (en banc). "The limitations that Article III imposes upon federal court jurisdiction are not relaxed in the declaratory judgment context." *Id.* at 1129. Thus, "an actual controversy must be extant at all

---

[***] The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.
[1] The Employees concede that their claim for injunctive relief is moot.

2

stages of review, not merely at the time the complaint is filed." *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974).

The Union stopped collecting agency fees in light of *Janus v. American Federation of State, County & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018). Thus, the challenged opt-out system has not been used for more than a year. The day after *Janus* was decided, the State Controller cancelled the deduction of agency fees from all nonconsenting public employees. Over a month later, the California Attorney General issued an advisory opinion concerning *Janus*, explaining that the state "may no longer automatically deduct a mandatory agency fee from the salary or wages of a non-member public employee who does not affirmatively choose to financially support the union." Similarly, in-house counsel for the Union filed an affidavit stating that the Union stopped collecting agency fees and using the opt-out procedure following *Janus*. Union counsel also conceded that collecting agency fees from non-union members is unconstitutional under *Janus* and that this determination binds the Union. Based on these facts, the district court found the Employees' claim for prospective relief moot.

We agree that "subsequent events made it *absolutely clear* that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (emphasis added) (citation omitted). The Attorney General's and the Union's acceptance of the

3

unconstitutionality of mandatory agency fee collection, along with the termination of the opt-out system itself, make it clear that their "allegedly wrongful behavior [is not] likely [to] occur or continue and that [there is no] threatened injury . . . certainly impending." *Id.* at 190 (simplified). There is no reasonable likelihood that the Union or the State Controller will resume collecting fees or using the challenged opt-out procedure.

That the California statutes about agency fees, such as Cal. Gov't Code §§ 3513(i) & (k), 3515, 3515.7, and 3515.8, have not been repealed does not give standing to the Employees. Unconstitutional statutes, without more, give no one a right to sue. *See, e.g.*, *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc) ("[T]he mere existence of a . . . statute . . . [does not] satisf[y] a 'case or controversy' requirement. . . . Rather, there must be a 'genuine threat of imminent prosecution.'") (citations omitted). Thus, we hold that Employees' allegations do not "plausibly give rise to an entitlement to relief," *Telesaurus*, 623 F.3d at 1003 (simplified), and affirm.

2. The Employees' claim for retroactive relief is foreclosed by *Danielson v. Inslee*, 945 F.3d 1096 (9th Cir. 2019). The Employees ask the Union for a refund of all agency fees collected from their paychecks after July 2013. *Danielson* ruled that unions are entitled to a good-faith defense under § 1983 and are not liable to pay back the agency fees collected before *Janus*. *Id.* at 1103–05. *Danielson* also held

4

that "private parties" are entitled "to rely on judicial pronouncements of what the law is, without exposing themselves to potential liability for doing so." *Id*. at 1099.

Even though the Employees' claim here is slightly different from *Danielson*, the Union's use of the opt-out system still complied with then-existing Supreme Court and Ninth Circuit law. *See, e.g.*, *Abood v. Detroit Bd. of Educ.*, 431 U.S. 209, 239 (1977); *Chicago Teachers Union, Loc. No. 1, AFT, AFL-CIO v. Hudson*, 475 U.S. 292, 306 (1986); *Mitchell v. Los Angeles Unified Sch. Dist.*, 963 F.2d 258, 260–61 (9th Cir. 1992), *cert. denied*, 506 U.S. 940 (1992). Even with the Supreme Court's decision in *Knox v. Service Employees International Union, Local 1000*, 567 U.S. 298 (2012), the Union was entitled to rely on *Mitchell*'s pronouncement of the law in good faith. Because the Union's collection of agency fees through the opt-out system was "sanctioned not only by state law, but also by directly on-point" Ninth Circuit precedent, we hold that the Union is entitled to a good-faith defense to "retrospective monetary liability under section 1983 for the agency fees it collected pre-*Janus*." *Danielson*, 945 F.3d at 1104, 1099. Thus, *Danielson* precludes the Employees' recovery of agency fees.

**AFFIRMED**.

5